UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CENTRAL RAILROAD COMPANY
OF INDIANAPOLIS d/b/a CHICAGO
FORT WAYNE & EASTERN RAILROAD,

        Plaintiff,

v.                                                                    Case No. 09-CV-13522
                                                                      Honorable Denise Page Hood
HOG BROTHERS RECYCLING, LLC,

        Defendant.

_____/

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT [#25] AND DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT [#26]**

This matter is before the Court on both Defendant Hog Brothers Recycling, LLC's ("Hog Brothers") Motion to Set Aside Default **[Docket No. 25, filed August 20, 2013]** and Plaintiff Central Railroad Company of Indianapolis's ("CRCI") Motion for Entry of Default Judgment **[Docket No. 26, filed August 20, 2013]**. For the reasons stated below, Plaintiff's Motion for Entry of Default Judgment is **DENIED**. Defendant's Motion to Set Aside Default is **GRANTED**.

**I.     Background**

Hog Brothers was a small Detroit based scrapyard that completed delivery of its scrap materials by rail car. In the wake of the national financial crisis, Hog Brothers' loan to operate fell out of formula because its secured lender of record, Citizens Bank, became concerned about the viability of its loan. In 2009, Hog Brothers participated in an out of court liquation in which Hog Brothers' assets were liquidated to pay down their debt to Citizens Bank. Hog Brothers also owned large equipment that it used to move the heavy metals that is processed. These pieces of equipment were secured by purchase money security interests through Caterpillar Financial Services Corporation ("CFSC"). Both Citizens Bank and CFSC had properly filed security interests of record with the Michigan Secretary of State.

Though Hog Brothers' liquidation reduced its overall debt to both Citizens Bank and CFSC, after Citizens Bank filed suit in Wayne County Circuit Court, on March 18, 2010, Hog Brothers filed Chapter 11 bankruptcy. Hog Brothers had a pre-bankruptcy forbearance agreement with Citizens Bank which required Hog Brothers to sell its assets through a Chapter 11 § 363 sale to Fort Iron & Metal Company ("Fort Iron"). Fort Iron assumed all of the debt owed to Citizens Bank and CFSC on Hog Brothers' assets less than $1.1 million compared to secured loans of more than $1.4 million.

A motion was filed in the Bankruptcy Court (shortly after Hog Brothers' Chapter 11 petition) for Hog Brothers to sell substantially all of its assets. This sale excluded only a few specifically identified accounts receivable. A creditors committee was formed at the beginning of the Chapter 11 bankruptcy with which Hog Brothers fully cooperated. The committee requested that Hog Brothers engage in bidding procedures to confirm that their proposed sale to Fort Iron was the highest and best offer for their asset sales. Defendant states that its creditors were informed of each step of the bankruptcy process through the Bankruptcy Code notice requirements.

A second Motion was filed by the Bankruptcy Court (approved with no objection by any party) for Hog Brothers to sell all of its remaining assets to Fort Iron. This second sale was to include the specific receivables which were excluded from the initial proposed sale, as well as all other assets that Hog Brothers owned. On October 22, 2010, Hog Brothers' Chapter 11 bankruptcy was dismissed because it had no additional assets to administer.

**II.    Procedural History**

Because this case is procedural in nature, the Court will discuss the procedural history in detail.

On September 4, 2009, Plaintiff, CRCI, filed a Complaint against Defendant, Hog Brothers alleging

3

> The subject matter of this action stems from freight and finance charges assessed pursuant to applicable tariffs governing the common carriage of freight by the Chicago, Fort Wayne & Eastern Division of CRCI, an interstate rail carrier, as mandated by 49 U.S.C. §11101.
>
> Beginning on or about January 2009 and continuing through August 2009, Hog Brothers incurred $112,578.26 in freight and finance charges, all of said charges are due and owing to CRCI (through its Chicago, Fort Wayne & Eastern Railway division) for the interstate transportation of freight by rail on behalf of Hog Brothers.
>
> CRCI (through its Chicago, Fort Wayne & Eastern Railway division) submitted invoices to Hog Brothers for the charges that Hog Brothers has incurred from on or about January 2009 through August 2009.
>
> The assessed freight and finance charges were determined and made applicable pursuant to tariffs, rules and rates governing the common carriage of freight by interstate rail carriers.
>
> Hog Brothers continues to accrue additional finance charges on the aforestated balance due.
>
> Although demand has been made for payment of the aforementioned charges, Hog Brothers has failed and/or refused to pay.

**[Docket No. 1, ¶¶ 8-13]** This Court issued an Order to Show Cause for Failure to Prosecute against Plaintiff on October 19, 2009. **[Docket No. 4]** Plaintiff filed a response to the Court's Order **[Docket No. 6, filed October 28, 2009]** and the Court entered an Order Setting Aside its Order to Show Cause. **[Docket No. 7, filed October 29, 2009]** On November 25, 2009, Plaintiff filed a Request for

Clerk's Entry of Default **[Docket No. 8]** and the Clerk entered default. **[Docket No. 9, filed November 25, 2009]**

On February 1, 2010, the Court filed a second Order for Plaintiff to Show Cause for Failure to Prosecute. **[Docket No. 10]** On February 17, 2010, the Court held a hearing on its second show cause order and, on the record, set the order aside. **[February 17, 2010 Docket Minute Entry]** On February 15, 2010, Plaintiff filed a Motion for Default Judgment as to Defendant. **[Docket No. 11]** A certificate of service of this motion was filed on February 24, 2010. **[Docket No. 12]** The Court scheduled a hearing on Plaintiff's Motion for Default Judgment which was to be held on March 31, 2010. However, following a Suggestion of Bankruptcy filed on March 31, 2010 **[Docket No. 13]**, the Court entered an Order Administratively Closing the Case. **[Docket No. 14, filed March 31, 2010]**

On June 18, 2013, CRCI filed a Motion to Reopen the Case. **[Docket No. 16]** The Court entered an Order Granting Plaintiff's Motion to Reopen the Case. **[Docket No. 17, filed June 18, 2013]** A Certificate of Service regarding this Motion was filed on June 19, 2013. **[Docket No. 20]** The Court held a status conference on July 22, 2013, and filed an Order **[Docket No. 23, filed July 23, 2013]** and a subsequent Stipulated Order Amending the Court's Order of July 23, 2013, Setting Deadlines for Filing Motions. **[Docket No. 24, filed August 7, 2013]**

5

On October 20, 2013, Defendants filed a Motion to Set Aside the orior Clerk's Entry of Default. **[Docket No. 25]** Also on October 20, 2013, Plaintiff filed a Motion for Default Judgment. **[Docket No. 26]** On September 3, 2013, Defendants filed an Objection to [Plaintiff's] Motion for Default Judgment. **[Docket No. 28]** Also on September 3, 2013, Plaintiff filed a Response in Opposition to Defendant's Motion to Set Aside Judgment. **[Docket No. 29]** On September 10, 2013, Plaintiff filed a Reply in response to Defendant's Objection. **[Docket No. 30]** The Court held a hearing on these motions on October 30, 2013.

### III. ANALYSIS

Federal Rule of Civil Procedure 55, which governs default, provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). The first step toward obtaining a default judgment is for a plaintiff to obtain a "clerk's entry of default." *See Shepard Claims Serv. Inc. v. Williams Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986) (explaining that an Entry of Default under Federal Rule of Civil Procedure 55(a) is the first procedural step necessary to obtain a default judgment). Rule 55 further provides that a default judgment may then be obtained in two different ways, which depend upon the nature of the relief sought by the Plaintiff. If the claim against a defendant is "for a

6

sum certain or for a sum which can by computation be made certain" the Court Clerk may enter a default judgment for that amount. Fed. R. Civ. P. 55(b)(1). "In all other cases, the party entitled to a judgment by default shall apply to the court" for a default judgment. Fed. R. Civ. P. 55(b)(2). "If, in order to enable the court to enter judgment or carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and

Fed. R. Civ. P. 55(c) provides, in pertinent part, as follows:

> (c) Setting aside default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Fed. R. Civ. P. 60(b) provides, in pertinent part, as follows:

> (b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;

> \* \* \*

> (4) the judgment is void;

> \* \* \*

> (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reason[ ](1) . . . not

7

more than one year after the judgment, order, or proceeding was entered or taken.

As noted above, Fed. R. Civ. P. Rule 55(c) provides that default may be set aside for good cause shown. Under Rule 60(b)(1), relief may be granted from a default judgment upon a showing that it was a result of mistake, inadvertence, surprise, or excusable neglect." Setting aside a default or default judgment is left to the sound discretion of the court. Wright, Miller & Kane, Civil Practice and Procedure 3rd (hereinafter WMK) § 2693, Insurance Co. of North America v. Morrison, 154 F.R.D. 278 (D.C.Fl.1994), citing Wright, Miller & Kane, Civil Practice and Procedure. Courts uniformly consider whether defendant has a meritorious defense, the timing of the motion for relief, and the prejudice that may occur to the non-defaulting party if relief is granted. WMK § 2694. There is a strong policy in favor of resolution of genuine disputes on their merits. *Nat'l Viatical, Inc. v. United Fid. Corp.*, CIV.A. 07-10484, 2007 WL 1584199 (E.D. Mich. May 31, 2007) (citing *Holford USA Ltd., Inc. v. Harvey*, 169 F.R.D. 41 (D.C.N.Y. 1996)).

In this case, the Clerk filed an Entry of Default on November 25, 2009. The Court is satisfied that the entry of this default was justified pursuant to Fed. R. Civ. P. 55(a) as Defendant failed to plead or otherwise defend after it was properly served with a summons and a copy of the Complaint. The Court also appreciates the fact that following the entry of default, this case was administratively closed by

the Court due to Bankruptcy Court proceedings. The court recognizes that vacating a default judgment duly entered without fraud or overreaching is not an action which the Court should take arbitrarily or as a courtesy or favor to the losing party. *Gomes v. Williams*, 420 F.2d 1364 (10th Cir.1970), Wright, Miller & Kane, § 2692. Nevertheless, federal courts also tend to view default judgments with disfavor and favor trials on the merits. *Id.*

This case was reopened on Motion from Plaintiff. **[Docket No. 16, filed June 11, 2013]** Defendant, having now been made aware of the reopening of this case, has responded and shows a willingness to defend the issues in this case on the merits. The Court is reluctant to enter default or rely on the default entered in this case before its administrative closing. The Court believes that a meritorious defense may exist and that there is "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by default." *United States v. $22,050.00 United States Currency*, 595 F.3d 318 (6th Cir. 2010). The Court has also considered any prejudice that Plaintiff may suffer in setting aside default in this case and does not deem any prejudice would outweigh allowing a resolution on the merits of the case. *Id.*

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Entry of Default Judgment **[Docket No. 26, filed August 20, 2013]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Set Aside Default **[Docket No. 25, filed August 20, 2013]** is **GRANTED.**

**IT IS SO ORDERED**.

<u>s/Denise Page Hood</u><br>
Denise Page Hood<br>
United States District Judge

Dated: January 8, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 8, 2014, by electronic and/or ordinary mail.

<u>s/LaShawn R. Saulsberry</u><br>
Case Manager